IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KANDI FRIDAY,<br><br>    Plaintiff,<br><br>     v.<br><br>UNITED PARCEL SERVICE OF AMERICA, INC., d/b/a UPS,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 1:04-CV-1351-TWT |

<u>OPINION AND ORDER</u>

This is an employment discrimination action in which the Plaintiff asserts a claim of retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. It is before the Court on the Report and Recommendation [Doc. 65] of the Magistrate Judge recommending that the Defendant's Motion to Dismiss be granted because the Plaintiff failed to appear at a court-ordered hearing. Because this Court finds that granting a motion to dismiss under these circumstances is unjustified, it declines to follow the recommendation of the Magistrate Judge. After careful review of the record, the Defendant's Motion to Dismiss or in the Alternative Motion to Compel Deposition and for Sanctions [Docs. 38, 52] is GRANTED in part and DENIED in part.

I. BACKGROUND

The Plaintiff, Kandi Friday, filed this Title VII retaliation claim against the Defendant, United Parcel Service, Inc., on May 14, 2004. Discovery commenced on October 22, 2004. In accordance with the Magistrate Judge's order dated February 18, 2005 [Doc. 32], the extended discovery period expired on May 6, 2005. On March 11, 2005, the Plaintiff served the Defendant by mail with her First Set of Interrogatories and First Request for Production of Documents. The Defendant submitted responses and objections on April 13, 2005. Discussions between the parties concerning the adequacy of these responses ensued, culminating in the Plaintiff's filing of a Motion to Compel Discovery [Docs. 39, 40].

At around this same time, the Defendant was attempting to depose the Plaintiff. The Defendant's counsel, Allison Richardson, first notified the Plaintiff on April 7, 2005, that a deposition had been scheduled for April 25, 2005, and that the Plaintiff should let her know immediately if she was unavailable on that date. (Def.'s Mot. to Dismiss, Ex. A.) The Defendant did not receive any response from the Plaintiff until April 18, 2005. (Id., Ex. B.) At that time, the Plaintiff informed Ms. Richardson that she would not be available for her noticed deposition and offered alternative dates, all of which were after the expiration of the court-mandated discovery period.

In a response letter dated April 20, 2005, Ms. Richardson notified the Plaintiff of the unsuitability of these dates and requested that the Plaintiff provide suitable dates within the discovery period. (Id., Ex. C.) The letter requested that these alternative dates be provided to the Defendant no later than Friday, April 22, 2005. During a telephone conversation between Ms. Richardson and the Plaintiff on Friday, April 22, Ms. Richardson again requested that the Plaintiff provide alternative dates. The Plaintiff did not provide any dates at that time, saying she would have to review her calendar. (Pl.'s Resp. to Def.'s Mot. to Dismiss, at 2.) Ms. Richardson informed the Plaintiff that if she did not provide a suitable date by the close of business that day, the deposition would proceed the following Monday as noticed. It is undisputed that the Plaintiff failed to provide any such date by that deadline. Ms. Richardson then sent a letter dated April 22, 2005, reminding the Plaintiff that the deposition would proceed on April 25, 2005. (Def.'s Mot. to Dismiss, Ex. D.) The Plaintiff, however, failed to appear for this deposition. The Defendant then filed a Motion to Dismiss [Doc. 38].

Two days later, on April 27, 2005, the Plaintiff contacted Ms. Richardson and offered additional dates. The deposition was subsequently rescheduled for May 4, 2005. The Defendant then served the Plaintiff with a Second Notice of Deposition, indicating that, pursuant to Fed. R. Civ. P. 30(b)(2), the deposition would be recorded

by videotape and stenographic means. (Decl. of Allison Richardson, Ex. 1.) In response to this notice, on Monday, May 2, 2005, the Plaintiff contacted Ms. Richardson and informed her that she objected to the use of a videotape at the deposition. In written correspondence dated that same day, Ms. Richardson responded to this objection by explaining that the Federal Rules expressly permitted the Defendant to videotape the proceeding and that, while the Plaintiff was permitted to object on the record, the deposition would still proceed as noticed. (Id., Ex. 2.) The Plaintiff contacted Ms. Richardson again the following day, at which time she confirmed receipt of the letter, but repeated her objection to the videotaping of her deposition. Ms. Richardson again informed her that while she had the right to object, the deposition would proceed as noticed. (Id., ¶ 7.)

On May 4, 2005, the Plaintiff appeared at the designated time and place, but refused to proceed with the deposition if it was going to be videotaped. Ms. Richardson called the Magistrate Judge's office in an attempt to schedule an emergency telephone hearing to resolve the dispute. In the Plaintiff's presence, Ms. Richardson left a voicemail message with the judge's courtroom deputy, informing her of the dispute and providing a number where the parties could be reached. (Id., Ex. B.) At the conclusion of this telephone call, the Plaintiff walked out of the deposition. The Defendant subsequently filed a Motion to Supplement Its Pending

Motion to Dismiss [Doc. 52]. The Plaintiff filed written responses to the Motion to Dismiss and the Supplemental Motion.

On November 3, 2005, in response to the motions by both parties, the Magistrate Judge ordered a "show cause" hearing for December 6, 2005. The judge further ordered that the Plaintiff comply with the requirements of Local Rule 37.1 in pursuing her Motion to Compel Discovery. The Plaintiff failed to appear for the hearing. Pursuant to Local Rule 41.3, the Magistrate Judge submitted to this Court a Report and Recommendation recommending granting the Defendant's Motion to Dismiss, presumably because of the Plaintiff's failure to appear at the show cause hearing. (Report and Recommendation, at 1-2.) The Plaintiff filed Objections to the Report and Recommendation stating that she did not receive the Order directing her to appear for the December 6, 2005 hearing. This Court now reviews the matter *de novo*.

## II. DISCUSSION

The Court declines to adopt the Report and Recommendation with respect to the Defendant's Motion to Dismiss and Supplemental Motion. Of course, in appropriate circumstances, the Court may dismiss an action for failure to follow a lawful order of the Court. Nevertheless, neither the Federal Rules of Civil Procedure nor this Court's Local Rules provide for "show cause" hearings on dispositive

motions. The Local Rules do require a written response to such motions. If a magistrate judge chooses to hold a "show cause" hearing, the magistrate judge must address the merits of the motion if a written response to the motion has been filed. That was not done in this case. In addition, the Report and Recommendation does not address the issue of whether a lesser sanction than dismissal would be appropriate. Accordingly, the undersigned will address the merits of the motions.

Rule 37 of the Federal Rules of Civil Procedure provides for sanctions where a party fails to appear "before the officer who is to take the deposition, after being served with a proper notice." Fed. R. Civ. P. 37(d). Included among these sanctions are compensation of the other party's reasonable expenses and dismissal of the action with prejudice. Such sanctions "are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." Gratton v. Great American Communications, 178 F.3d 1373, 1374-75 (11th Cir. 1999) (citing 1375 Aztec Steel Co. v. Florida Steel Corp., 691 F.2d 480, 482 (11th Cir. 1982)). Dismissal is only appropriate, however, where the Plaintiff demonstrates wilfulness, bad faith or callous disregard of her responsibilities. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976); Hashemi v. Campaigner Publications, Inc., 737 F.2d 1538, 1539 (11th Cir. 1984). Moreover, the Eleventh Circuit has repeatedly stated that dismissal is an extreme penalty and "should not be imposed if lesser

sanctions will suffice." Navarro v. Cohan, 856 F.2d 141, 142 (11th Cir. 1988); Hashemi, 737 F.2d at 1538-39; see also Phipps v. Blakeney, 8 F.3d 788, 791 (11th Cir. 1993).

In this case, the Plaintiff has demonstrated a pattern of obstruction of discovery that has caused unjustifiable delay and unnecessary trouble and expense for the Defendant. Nevertheless, the Court concludes that dismissal is not warranted at this time. However, the Plaintiff's repeated refusal to submit to a deposition has cost the Defendant significant time and expense. First, it is undisputed that the Plaintiff declined to provide any alternative dates prior to the deposition scheduled for April 25, 2005. She then failed to appear for the deposition. Second, the Court finds that the Plaintiff's refusal to be videotaped at the May 4, 2005 deposition was also not justified. The Defendant's counsel correctly pointed the Plaintiff to Fed. R. Civ. P. 30(b)(2), and explained that the Plaintiff could object, but that the Defendant nonetheless had the right to proceed. (Decl. of Allison Richardson, ¶ 7.) Notably, despite her refusal, the Plaintiff did not file a motion to limit the deposition until May 5, 2005, the day after the scheduled deposition. This is not in compliance with the Federal Rules. See Fed. R. Civ. P. 37(d) (stating that a party, after being served with proper notice, may refuse to testify at a deposition only where "the party failing to act has a pending motion for a protective order as provided by Rule 26(c)"). The Court

is required to award the Defendant's reasonable expenses unless the Plaintiff's conduct was substantially justified or circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d). The Plaintiff's obstructive behavior was not substantially justified and there are no other circumstances that make an award of expenses unjust. The Court thus orders that the Plaintiff pay to the Defendant, as compensation for these unnecessary delays, $2,500.00 for attorney's fees and other reasonable expenses. The Court further orders that the Plaintiff make herself available for deposition at a time and place as designated by the Defendant upon reasonable notice.

## III. CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss or in the Alternative Motion to Compel Deposition and for Sanctions [Docs. 38, 52] is GRANTED in part and DENIED in part. The Plaintiff is ordered to pay the Defendant $2,500.00 by certified check or money order within ten (10) business days of the docketing of this Order. The certified check or money order is to be hand delivered to Allison Richardson at Alston & Bird during normal business hours. If the Plaintiff fails to comply with this Order, the Defendant may request dismissal of this action. Discovery is reopened for thirty (30) days to allow the Defendant to take the

Plaintiff's deposition. The deadline for filing motions for summary judgment is extended accordingly.

SO ORDERED, this 9 day of March, 2006.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge